UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BILLY PARHAM, JR., | * | |
| | * | |
| Plaintiff, individually and on behalf | * | |
| of all others similarly situated | * | |
| | * | |
| v. | * | 14-cv-14367-ADB |
| | * | |
| THE WENDY'S COMPANY, WENDY'S | * | |
| RESTAURANTS, LLC, and WENDY'S | * | |
| INTERNATIONAL, LLC, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

March 17, 2015

BURROUGHS, D.J.

## I.      Introduction

In this putative class action, the plaintiff, Billy Parham, Jr. ("Mr. Parham"), a former maintenance technician for the Wendy's restaurant system, seeks to recover unpaid wages pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, for a class of all service technicians who worked for Wendy's at any time beginning in December 2011. (Compl. (ECF No. 1), Count I.) Individually, Mr. Parham seeks unpaid wages pursuant to the Massachusetts overtime law, G.L. c. 151, § 1A (Compl., Count II), and the Massachusetts wage law, G.L. c. 149, § 148 (Compl., Count III). Mr. Parham also brings an individual claim for unlawful retaliation in violation of G.L. c. 149, § 148A (Compl., Count IV).

In their counterclaim, the defendants, The Wendy's Company, Wendy's Restaurants, LLC, and Wendy's International, LLC, on their own behalf and on behalf of Mr. Parham's former direct employer, Wendy's Old Fashioned Hamburgers of New York LLC (collectively,

"Wendy's"), assert five causes of action against Mr. Parham: fraud/deceit, misrepresentation (Countercl. (ECF No. 7), Count I), breach of contract (Countercl., Count II), breach of the implied covenant of good faith and fair dealing (Countercl., Count III), unjust enrichment (Countercl., Count IV), and breach of the duty of loyalty/conflict of interest (Countercl., Count V). The counterclaims arise from an allegation that Mr. Parham recorded work hours when he was not actually performing work for Wendy's, causing Wendy's to pay him for time when he was not working.

Before the Court are both parties' partial motions to dismiss. Wendy's has moved to dismiss Count II of the complaint, which alleges a violation of the Massachusetts overtime law, G.L. c. 151, § 1A ("Section 1A"), on behalf of Mr. Parham individually. Wendy's argues that Mr. Parham is precluded from bringing this claim because he worked "in a restaurant," one of the exemptions to overtime pay enumerated in the statute. (Defendants' Partial Motion to Dismiss (ECF No. 5).) Mr. Parham has moved to dismiss four of the five counterclaims asserted against him: fraud/deceit, misrepresentation (Counterclaim Count I), breach of the implied covenant of good faith and fair dealing (Counterclaim Count III), unjust enrichment (Counterclaim Count IV), and breach of the duty of loyalty/conflict of interest (Counterclaim Count V). (Plaintiff's Partial Motion to Dismiss (ECF No. 11).)

For the reasons discussed herein, Wendy's motion is denied, and Mr. Parham's motion is granted in part and denied in part, as detailed in Part III-C.

## II.     Summary of Relevant Factual Allegations

Mr. Parham alleges the following facts, which the Court accepts as true for purposes of a motion to dismiss. Mr. Parham worked for Wendy's for nearly 19 years as a maintenance technician. (Compl. ¶ 3.) He reported to a regional maintenance manager (id. ¶ 9), and

maintenance technicians and their regional maintenance managers reported to the National Director of Facilities, who oversaw all of Wendy's maintenance personnel across the country (id. ¶ 10).

The principal duty of maintenance technicians is to maintain the physical plant of Wendy's restaurants. (Id. ¶ 11.) Other regular duties include taking inventory of truck stock, purchasing parts from various suppliers, attending or participating in online or in-person trainings or meetings, managing truck maintenance, responding to questions and inquiries from managers, writing self-evaluations, analyzing whether and when to replace equipment, and preparing timecards and other records. (Id. ¶ 13.)

Maintenance technicians billed their time to individual Wendy's restaurants or recorded their time to the maintenance department, depending upon the type of work involved. (Id. ¶¶ 13-14.) Due to conflicting pressures, maintenance technicians regularly recorded less time than their actual working hours, resulting in a loss of regular and overtime wages. (Id. ¶ 16.) Additionally, maintenance technicians routinely did not take meal breaks but nonetheless were required to record a 30-minute meal break each day, for which they were not paid. (Id. ¶ 19.)

After complaining repeatedly to no avail, Mr. Parham lost patience with the pressure to record less time than he worked and began billing for all of his time. (Id. ¶ 21.) Shortly thereafter, he was accused of violating Wendy's policies and was terminated. (Id. ¶ 22.) Mr. Parham alleges that the accusation was false and pretextual, used to justify his termination. (Id.)

In its counterclaim, Wendy's alleges the following facts, which the Court accepts as true at this stage. Maintenance technicians have no office. (Countercl. ¶ 5.) They perform their work in Wendy's restaurants, traveling in vans supplied by Wendy's from restaurant to restaurant. (Id.) They are expected to be available and exclusively serving Wendy's during regular business

hours, Monday through Friday, and when appropriate, are also expected to respond to calls and service needs of restaurants outside of those regular business hours, including weekends. (Id.)

Wendy's implemented Global Positioning System ("GPS") tracking on maintenance technicians' personal electronic devices in order to be able to review and manage their work patterns. (Id. ¶ 8.) In approximately May 2014, Wendy's compared Mr. Parham's time records and work orders with his GPS records and noticed that there were "red flags" about how and where he was spending his time. (Id. ¶ 9.)

Wendy's conducted an investigation into Mr. Parham's activities and found that he was spending time in a variety of locations that did not make sense in light of his work orders, including a particular commercial property in Whitman, Massachusetts that Mr. Parham owned. (Id. ¶ 12.)

Wendy's interviewed Mr. Parham as part of its investigation. (Id. ¶ 13.) Mr. Parham was "not forthcoming" during the interview, refusing to answer what he was doing at the property in Whitman and not revealing that he owned the property. (Id.) His interview responses confirmed that he was not doing Wendy's work when he was at the Whitman property, even though he was "clocked in" as if he was working for Wendy's. (Id. ¶ 14.) Wendy's requires its employees to cooperate in any company investigation and to be forthcoming and honest during such investigations, and Wendy's has written policies in place to that effect. (Id. ¶ 15.)

Maintenance technicians were permitted to perform "side work" while employed by Wendy's, but they were not allowed to do "side work" during regular business hours or to use Wendy's trucks, tools, equipment, or gas or be associated or perceived to be associated with Wendy's in any way while doing "side work." (Id. ¶ 17.) Wendy's alleges that it "considered that . . . Parham might . . . be performing side work" while "on the clock" for Wendy's (id. ¶ 16), and

4

if so, this was "not proper" because Mr. Parham should not have been paid by Wendy's while doing "side work" (id. ¶¶ 16, 18). The counterclaim stops short of alleging, however, that Mr. Parham actually was performing "side work."

## III. Discussion

### A. Legal Standard – Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all well-pleaded facts in the light most favorable to the plaintiff (or non-moving party, in the case of a motion to dismiss a counterclaim), and draws all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011). Although detailed factual allegations are not required to survive a motion to dismiss, "more than labels and conclusions" are required. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. The facts alleged must "raise a right to relief above the speculative level." Id. The plaintiff must "nudge[] [the] claims across the line from conceivable to plausible," or the claims will be dismissed. Id. at 570.

### B. Wendy's Motion to Dismiss Count II

Wendy's has moved to dismiss Count II of the complaint, alleging a violation of the Massachusetts overtime law, which provides:

> [N]o employer in the commonwealth shall employ any of his employees . . . for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.

G.L. c. 151, § 1A. The statute includes 20 enumerated exemptions, including one for "any employee who is employed . . . in a restaurant." Id. § 1A(14). Wendy's argues that Mr. Parham worked "in a restaurant" within the meaning of this statute and that he was therefore not entitled

5

to overtime pay pursuant to Section 1A.

As the party claiming that the "restaurant" exemption applies, Wendy's has the burden of proof on this issue. See Goodrow v. Lane Bryant, Inc., 432 Mass. 165, 170 (2000) (the defendant employer, which claimed that the plaintiff fell within an enumerated exemption to Section 1A, bore the burden of proving entitlement to the exemption). The phrase "in a restaurant" is not statutorily defined, nor does there appear to be any case law interpreting the phrase.

Under Massachusetts law, Section 1A is interpreted so as to advance its purposes: "to reduce the number of hours worked, encourage the employment of more persons, and compensate employees for the burden of a long workweek." Mullally v. Waste Mgmt. of Mass., Inc., 452 Mass. 526, 531 (2008). Consistent with these purposes, the exemptions enumerated in the overtime statute must be construed narrowly. As with all statutory exemptions to overtime pay, a particular job must "plainly and unmistakably" fall within the "restaurant" exemption in order for the exemption to apply. See Reich v. Newspapers of New England, Inc., 44 F.3d 1060, 1070 (1st Cir. 1995) (overtime exemptions are to be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit") (internal quotations and citations omitted).

Against this legal backdrop, and reading the factual allegations in the complaint in the light most favorable to Mr. Parham, the Court concludes that Wendy's has not met its burden of showing that the job of maintenance technician plainly and unmistakably fell within the "restaurant" exemption of Section 1A. Mr. Parham was not employed in a traditional restaurant occupation, such as a host, cashier, server, cook, or dishwasher. Unlike those positions, Mr. Parham's work was not limited to a particular restaurant, and he did not report to an on-site restaurant manager but instead, to a regional maintenance manager and a National Director of

Facilities. Mr. Parham's job entailed traveling between various Wendy's restaurants, performing maintenance and repair work both inside and outside the restaurants, and numerous other duties not tied to a particular restaurant, such as taking inventory of truck stock, purchasing parts from suppliers, managing truck maintenance, and other tasks. (Compl. ¶ 13.)

In support of its position that Mr. Parham worked "in a restaurant" within the meaning of Section 1A, Wendy's points to an opinion letter issued by the Massachusetts Department of Labor Standards pertaining to another overtime exemption listed in Section 1A, concerning employees who are employed "in a hotel, motel, motel court or like establishment." Opinion Letter from Lisa C. Price, Deputy General Counsel, Massachusetts Department of Labor Standards (Mar. 10, 2006) (the "2006 DLS Opinion Letter") (Defendants' Partial Motion to Dismiss, Exhibit 1). The letter was issued in response to an inquiry about whether banquet servers employed by a hotel, who perform work in a hotel or on hotel property, are exempt from overtime pay pursuant to G.L. c. 151, § 1A(12). The letter opines, in relevant part:

> [W]e interpret the state hotel exemption to include all workers who work in some aspect of hotel operations, including banquet services, within the physical confines of a hotel property. . . . We decline to extend coverage of the state hotel exemption to such a situation where the services are arguably no longer performed "in" the hotel.

(Defendants' Partial Motion to Dismiss, Exhibit 1, at 1.)

The 2006 DLS Opinion Letter does not support a conclusion that Mr. Parham worked "in a restaurant" under Section 1A. Although it is true that Mr. Parham worked "in some aspect" of restaurant operations, this by itself cannot be enough to bring Mr. Parham's job within the "restaurant" exemption, or every employee of Wendy's would be exempt from earning overtime pay, including those who clearly do not work "in a restaurant" (for example, employees who work in Wendy's corporate offices). Additionally, Mr. Parham's work was not "within the

7

physical confines" of a particular restaurant property, but was spread out over multiple restaurants. He also performed work both inside and outside the restaurants, rather than strictly within their physical confines. In its letter, DLS specifically declined to extend coverage to situations where services "are arguably no longer performed 'in' a hotel." Likewise, in the context of a motion to dismiss, this Court declines to give the "restaurant" exemption enumerated in Section 1A the broad reading that would be needed to encompass Mr. Parham's duties as a Wendy's maintenance technician as alleged in the complaint.[1]

For these reasons, Wendy's motion to dismiss Count II, alleging a violation of the Massachusetts overtime law, is denied without prejudice to Wendy's renewing the argument in a motion for summary judgment or at trial.

### C. Mr. Parham's Partial Motion to Dismiss Counterclaim Counts I, III, IV, and V

#### 1. Counterclaim Count I – Fraud/Deceit, Misrepresentation

Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Pleading with particularity entails specifying "(1) the allegedly fraudulent statements; (2) the identity of the speaker; (3) where and when the statements were made; and (4) why the statements were fraudulent." In re Allaire Corp. Sec. Litig., 224 F. Supp. 2d 319, 325 (D. Mass. 2002). In doing so, the pleading must "go beyond mere allegations based upon information and belief, and specify the source of the information and the reasons for the belief." Id.

---

[1] None of the cases cited by Wendy's involving the hospital exemption under Section 1A(16) contains any discussion of factually analogous jobs involving work in multiple hospitals, and work performed both inside and outside of hospital properties. See Norceide v. Cambridge Health Alliance, 814 F. Supp. 2d 17 (D. Mass. 2011); Manning v. Boston Med. Ctr. Corp., No. 09-cv-11724, 2011 WL 864798 (D. Mass. Mar. 10, 2011); Cavallaro v. UMass Mem'l Health Care, Inc., No. 09-cv-40181, 2010 WL 9433452 (D. Mass. Dec. 20, 2010). Thus, these cases are inapposite to the question of whether Mr. Parham's job fell within the "restaurant" exemption.

The counterclaim is lacking in this respect. Wendy's alleges that it noticed "red flags" about how and where Mr. Parham was spending his time (Countercl. ¶ 9), and that Mr. Parham "was in a variety of locations that did not make sense in light of his work orders" (id. ¶ 12). When interviewed in the course of Wendy's investigation, Mr. Parham was "not forthcoming" about what he was doing at a commercial property that he owned. (Id. ¶ 13.) He allegedly confirmed in his interview that "Wendy's was paying him for time he was not working." (Id. ¶ 14.) Wendy's "considered that . . . Parham might . . . be performing side work" while "on the clock" (id. ¶ 16), and if so, this was "not proper" (id. ¶ 18). The counterclaim is speculative as to the "side work" allegation, stopping short of alleging that Mr. Parham actually was performing "side work."

These allegations do not provide the required particularity regarding the time, place, and content of Mr. Parham's alleged false statements. In re Allaire Corp., 224 F. Supp. 2d at 325. In its Opposition brief, however, Wendy's states that it "has the documents and records to show a number of circumstances of Parham's fraud." (Defendants' Opposition to Plaintiff's Partial Motion to Dismiss Counterclaims (ECF No. 12), 6.) Such documents and records should enable Wendy's to plead fraud with the required particularity. Thus, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Wendy's may amend its counterclaim accordingly within 14 days. If it is unable to do so, Count I will be dismissed.

### 2. Counterclaim Count III – Breach of the Implied Covenant of Good Faith and Fair Dealing

Claims for breach of the implied covenant of good faith and fair dealing do not correspond precisely with claims for simple breach of contract. Christensen v. Kingston Sch. Comm., 360 F. Supp. 2d 212, 229 (D. Mass. 2005). Implied covenant claims "require additional factual allegations of unfairly leveraging the contract terms for undue economic advantage." Id.;

9

see also Jennings v. Nathanson, 404 F. Supp. 2d 380, 398 (D. Mass. 2005) (holding on summary judgment that the plaintiff's claim for breach of the implied covenant failed because "she has not alleged facts from which it could be found that the [defendants'] alleged breach was an attempt to gain undue economic advantage").

Wendy's alleges that Mr. Parham breached an agreement with Wendy's to record only those hours when he was actually performing work for Wendy's, and to refrain from performing "side work" while he had obligations to Wendy's. (Countercl. ¶ 25.) Wendy's further alleges that by virtue of breaching this agreement, Mr. Parham also breached the implied covenant. (Countercl. ¶ 30.)

Accepting these allegations as true, and drawing all reasonable inferences in favor of Wendy's, Mr. Parham's motion to dismiss this count is denied without prejudice at this stage but may be renewed prior to trial. If discovery reveals no evidence that Mr. Parham's alleged breach of contract was an attempt to gain undue economic advantage, Count III will be dismissed prior to trial. See Jennings, 404 F. Supp. 2d at 398; Christensen, 360 F. Supp. 2d at 229.

### 3. Counterclaim Count IV – Unjust Enrichment

Counterclaim Count II alleges breach of contract, and Counterclaim Count IV alleges unjust enrichment. Although a plaintiff cannot recover damages both for breach of contract and for unjust enrichment arising from the same conduct, Wendy's is entitled to pursue these alternative theories at the pleading stage. See Lass v. Bank of America, N.A., 695 F.3d 129, 140 (1st Cir. 2012). Therefore, Mr. Parham's motion to dismiss Counterclaim Count IV, alleging unjust enrichment, is denied.

### 4. Counterclaim Count V – Breach of the Duty of Loyalty/Conflict of Interest

Under Massachusetts law, only certain employees owe their employers a fiduciary duty of loyalty—namely, managers, executives, officers, and those entrusted with confidential information or who otherwise hold a position of "trust and confidence." Talentburst, Inc. v. Collabera, Inc., 567 F. Supp. 2d 261, 255-67 (D. Mass. 2008). "Rank-and-file" employees, in contrast, do not owe a duty of loyalty to their employers. Id. at 266.

Mr. Parham is not alleged to have been a manager, executive, or officer, nor is there any allegation that he was entrusted with confidential information. Further, Wendy's counterclaim does not include factual allegations establishing, or from which it reasonably can be inferred, that Mr. Parham otherwise held a position of "trust and confidence." The fact that Wendy's trusted Mr. Parham to be accurate and honest in recording the time he worked is not enough to give rise to a duty of loyalty. If this were the standard, significantly more employees would owe a duty of loyalty to their employer because a great many jobs, including "rank-and-file" work, require some degree of trust on the part of the employer. For example, a retail establishment trusts its clerks not to steal merchandise, but this does not mean that a store clerk owes a fiduciary duty of loyalty to the employer. Since Wendy's counterclaim does not include allegations supporting an inference that Mr. Parham owed Wendy's a duty of loyalty, Counterclaim Count V, alleging breach of the duty of loyalty/conflict of interest, is dismissed.

## IV. Conclusion

For the foregoing reasons, Wendy's partial motion to dismiss Count II of the complaint, alleging a violation of the Massachusetts overtime law (G.L. c. 151, § 1A), is <u>DENIED</u> without prejudice to renewal in a motion for summary judgment or at trial.

Mr. Parham's partial motion to dismiss Counterclaim Counts I, III, IV, and V is

GRANTED IN PART AND DENIED IN PART, as follows. Counterclaim Count I, alleging fraud/deceit, misrepresentation, is dismissed without prejudice. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Wendy's is given leave to amend its counterclaim, within 14 days of the date of this Order, to include the specific allegations required by Rule 9(b) of the Federal Rules of Civil Procedure. If Wendy's is unable to plead fraud with the required particularity, Counterclaim Count I will be dismissed. Mr. Parham's motion to dismiss Counterclaim Count III, alleging breach of the implied covenant of good faith and fair dealing, is denied without prejudice and may be renewed prior to trial. Mr. Parham's motion to dismiss Counterclaim Count IV, alleging unjust enrichment, is denied. Mr. Parham's motion to dismiss Counterclaim Count V, alleging breach of the duty of loyalty/conflict of interest, is granted.

**SO ORDERED.**

Dated: March 17, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE